Patterson vs. Clark.

---

# PATTERSON *vs.* CLARK.

A mortgage creditor receives from his debtor different sums from time to time to forbear foreclosing his mortgage. *Held*, That such contracts are forbidden by the spirit and policy of our laws against usury.

Foreclosure of mortgage, in Sumpter superior court. Tried before Judge ALLEN, April Term, 1859.

Patterson vs. Clark.

This was a proceeding to foreclose a mortgage. Plaintiff offered and read in evidence his mortgage and notes, and closed.

Defendant tendered and read in evidence the answers of plaintiff to interrogatories exhibited to him, in which plaintiff admitted the payment by defendant of twenty dollars, forty dollars, twenty-five dollars and twenty dollars, at different times, and which were not credited on the note or mortgage, not being made in part payment thereof, but paid for forbearance on plaintiff's part to foreclose said mortgage at the several times, these amounts were paid, and that such was the agreement at the time.

The court charged the jury that an agreement to pay money for forbearance to foreclose a mortgage was void and usurious, and such payments were to be credited on the note or mortgage as part payment thereof.

Plaintiff requested the court to charge, that if the payments were *bona fide* made for forbearance to foreclose and not as usury, and that this was done *bona fide* to prevent suit and foreclosure, and not a mere device to evade the usury laws, then the payments were good and not usurious. The court refused so to charge. To which charge and refusal to charge plaintiff excepted.

The jury found only twelve dollars for plaintiff as the balance due on his note secured by the mortgage. And plaintiff excepted.

McCay & Hawkins, for plaintiff in error.

Scarborough, *contra.*

*By the Court.*—Lumpkin, J., delivering the opinion.

We see no difference in principle between this case and *Troutman vs. Barnett and others*, (9 Ga. Rep. 30.) Indeed, this is the stronger of the two.

There a note was given to the judgment creditor to obtain indulgence; and this court held that the contract was usurious and limited the judgment itself in the hands of the assignee. Here payments were made from time to time to the mortgage creditor to forbear to foreclose his mortgage. We are clear that this transaction is within the spirit and policy of our laws against usury. It is a mere shift or contrivance to extort usury, and there is no condition in which a necessitous debtor can be placed to make him bleed more freely. He is threatened from time to time with the screw; and to procure temporary respite, twenty, twenty-five, and forty dollars are paid.

It is said that the agreement here was not to forbear suing generally, but to foreclose the mortgage. I know not that this would make any difference. But we understand that it was tantamount to a contract not to sue. Otherwise the creditor would get a general judgment and sell the mortgaged property about as soon as he could have foreclosed. But the debt being the same, what difference does it make whether the usury was paid for the one or the other?—it equally vitiates the contract.

With the policy of usury laws, we have nothing to do. Nor will we say in the quaint language of the old writers that such contracts are sacrilegeous—that it is eating the creditor's bread in the sweat of his debtor's brow—that it is ploughing on sunday. But all such contracts are forbidden by the law; and this is enough for the courts to know.

Judgment affirmed.